IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANTHONY JARED BRANTON,** § | | |
| **Individually, and on behalf of the** § | | |
| **Wrongful Death Beneficiaries of** § | | |
| **JERRY BRANTON, DECEASED** § | | **PLAINTIFFS** |
| § | | |
| v. § | **CIVIL ACTION NO. 1:05CV338-LG-RHW** | |
| § | | |
| **THE CITY OF MOSS POINT, MICHAEL** § | | |
| **RICKS, Individually and in his Official** § | | |
| **Capacity as Chief of Police, and SCOTT** § | | |
| **RENFROE, BRANDON ASHLEY, and** § | | |
| **MARK MEISELBACH, Individually and** § | | |
| **in their Official Capacities as Police Officers** § | | |
| **of the City of Moss Point** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER IS BEFORE THE COURT** on the Motion for Summary Judgment [43] filed on April 30, 2007, by the following defendants: the City of Moss Point, Brandon Ashley, and Mark Meiselbach.[1]  Plaintiff has responded to the Motion and Defendants have filed a reply.  Upon reviewing the submissions of the parties and the relevant law, the Court finds that Defendants' Motion should be granted in part and denied in part as set forth below.

**FACTS**

The facts in this matter are undisputed.  Jerry Branton was stopped on June 10, 2004, for driving under the influence, by Officer Scott Renfro.  (Ex. G to Defs.' Mot. at 1).  He was taken to the Moss Point Police Department, where an Intoxilyzer test was administered that revealed he had a blood alcohol level of 0.203, which is more than twice the legal limit.  (Ex. G to Defs.' Mot. at 1).  Branton, who had previously been arrested at least three times for driving under the

---

[1] The other defendants, Michael Ricks and Scott Renfro, have not been served with process.

influence, became upset and attempted to leave the booking area. (Ex. G to Defs.' Mot. at 1). He told Officer Renfro that the arrest would cause him to lose his job, punched a wall, and again attempted to leave the booking area. (Ex. G to Defs.' Mot. at 1). Branton began to struggle with Officer Renfro, who took Branton to the ground and handcuffed him with the assistance of Officer Brandon Ashley. (Ex. G to Defs.' Mot. at 1). Branton repeatedly told the officers that his life was going to be over if he was arrested, and on one occasion on the night of his arrest, he stated that the officers might as well shoot him. (Ex. G to Defs.' Mot.).

During the booking process, Branton answered a series of questions. When he was asked, "Have you ever attempted suicide or are you thinking about it now?," Branton responded, "No." (Ex. K to Defs.' Mot.). Branton was taken to Cell Number 8, which is designated for intoxicated or combative prisoners. (Ex. L to Defs.' Mot. at 27). Branton was given a sheet and a blanket, and was locked in the cell at 3:30 a.m. (Ex. G to Defs.' Mot. at 1). While conducting a jail check at approximately 5:30 a.m., Officer Ashley discovered Branton kneeling in a corner of the cell with the sheet around his neck. (Ex. G to Defs.' Mot. at 3). Officer Ashley cut down the sheet, and radioed for help. Renfro responded to the call, and administered CPR. (Ex. G to Defs.' Mot. at 3). An ambulance crew arrived and continued to perform CPR, but Branton could not be revived. He was pronounced dead at 6:02 a.m. (Ex. N to Defs.' Mot.). His death was ruled a suicide by the County Coroner. (Ex. N to Defs.' Mot.).

Anthony Branton, the adult son of Jerry Branton, filed this lawsuit against the City of Moss Point Police Department, the Chief of Police, Officer Renfro, Officer Ashley, and Officer Mark Meiselbach, asserting claims pursuant to the Eighth and Fourteenth Amendments for failure to train, failure to adopt a policy for safe custodial care of suicidal detainees, and failure to

adopt a policy of furnishing medical care to suicidal detainees. Officer Ashley, the City, and Officer Meiselbach, have filed a Motion or Summary Judgment.

## DISCUSSION

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. FED. R. CIV. P. 56. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986). When a defendant asserts qualified immunity, the burden shifts to the plaintiff to rebut the applicability of the defense. *Breen v. Texas A & M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007). Defendants assert that they are entitled to summary judgment as to Plaintiff's Section 1983 claims because no constitutional violation occurred.

### PLAINTIFF'S CLAIMS AGAINST THE OFFICERS IN THEIR INDIVIDUAL CAPACITIES

The doctrine of qualified immunity shields government officials from lawsuits "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Breen*, 485 F.3d at 332 (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)). Qualified immunity analysis is a two-step

process. *Michalik v. Hermann*, 422 F.3d 252, 257 (5th Cir. 2005). First, the plaintiff must allege the violation of a clearly established constitutional right. *Michalik*, 422 F.3d at 257. In order to satisfy this requirement, a plaintiff must demonstrate that a reasonable official would understand that what he or she is doing violates a constitutional right. *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000). If the plaintiff satisfies this burden, the Court must determine whether the official's conduct was objectively reasonable under the law at the time of the incident. *Michalik*, 422 F.3d at 258. In the present suit, Defendants only argue that there was no constitutional violation in support of their Motion for Summary Judgment.

The Fifth Circuit has adopted the following standard for determining whether a constitutional right has been violated regarding episodic acts or omissions that result in inmate suicide:

> (1) [T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement; and (2) a state jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk.

*Hare v. City of Corinth*, 135 F.3d 320, 324 (5th Cir. 1998). Therefore, this Court must determine whether the jail officers "had gained actual knowledge of the substantial risk of suicide and responded with deliberate indifference." *See Hare*, 135 F.3d at 324 (emphasis omitted).

Branton's repeated statements that his life would be over if he was put in jail, coupled with his statement that the officers might as well shoot him and his intoxicated state, arguably put the officers on notice that he was contemplating suicide. Defendants have not produced any testimony from the two officers that booked and handcuffed Branton– Officer Ashley and Officer

Renfro– concerning whether they were aware that Branton was suicidal.  Thus, the Court finds that a genuine issue of material fact exists regarding whether the officers gained actual knowledge of a substantial risk of suicide.  As a result, Defendants are not entitled to summary judgment regarding the claims against officers in their individual capacities.

**PLAINTIFF'S CLAIMS AGAINST THE CITY OF MOSS POINT AND THE OFFICERS IN THEIR OFFICIAL CAPACITIES**

Section 1983 prohibits "persons" acting under color of law from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws . . . ."  42 U.S.C. §1983. The United States Supreme Court has held that municipalities qualify as "persons" under Section 1983.  *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Lawsuits against police officers in their official capacity are essentially lawsuits against the municipality.  *See Monell,* 436 U.S. at 690 n.55.  In a claim against a municipality under Section 1983, a plaintiff must demonstrate that: (1) a municipal policy or custom existed; (2) governmental policymakers actually or constructively knew of the policy or custom's existence; (3) a constitutional violation occurred; and (4) the custom or policy served as the moving force behind the violation.  *Meadowbriar Home for Children, Inc. v. Gunn*, 91 F.3d 521, 532 (5th Cir. 1996).

As explained *supra*, Defendants only argue that there was no constitutional violation in support of their Motion for Summary Judgment.  As previously set forth, a genuine issue of material fact exists regarding whether the officers gained actual knowledge of a substantial risk of suicide when Branton told the officers that his life would be over if he was arrested and said that the officers might as well shoot him.  Therefore, Defendants are not entitled to judgment as a matter of law regarding Plaintiff's claims against the City of Moss Point and against the officers

in their official capacities.

### PLAINTIFF'S STATE LAW CLAIMS AND EIGHTH AMENDMENT CLAIM

Plaintiff has confessed Defendants' Motion with respect to his Eighth Amendment Claim and his state law claims. Therefore, the Court finds that Defendants are entitled to summary judgment regarding those claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment [43] is **GRANTED IN PART AND DENIED IN PART**. Defendants are entitled to summary judgment regarding Plaintiff's Eighth Amendment claim and Plaintiff's state law claims. Defendants' Motion is denied in all other respects.

**SO ORDERED AND ADJUDGED** this the 20th day of August, 2007.

                                      s/ *Louis Guirola, Jr.*
                                      LOUIS GUIROLA, JR.
                                      UNITED STATES DISTRICT JUDGE